SO ORDERED: August 03, 2009.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL CRAIG HALE | ) | CASE NO. 08-14981-AJM-7 |
| RANAE ANN HALE | ) | |
| | ) | |
| Debtors | ) | |

**ORDER OVERRULING DEBTORS' OBJECTION ON TRUSTEE'S MOTION TO ABANDON AND GRANTING TRUSTEE'S MOTION TO ABANDON**

The Debtors filed this chapter 7 case on December 1, 2008. Ellen Fujawa (the "Trustee") is the chapter 7 trustee and declared the case an asset case May 1, 2009. The Trustee seeks to administer only selected assets and proposes to abandon all other scheduled assets. The Debtors do not object to the abandonment per se, but to the method by which assets are to be abandoned. The Trustee proposes abandonment pursuant to Section 554, and the Debtors, through their objection, seek to have the assets abandoned directly to secured creditors holding interests in the

1

assets pursuant to Section 725.

Hearing on the trustee's notice of abandonment and the Debtors' objection thereto was held on July 13, 2009 wherein the Trustee appeared by counsel, Lara O'Dell; the Debtors appeared by counsel Michael Hile; the United States Trustee appeared by counsel Laura DuVall; and Newton Savings & Loan appeared by counsel Michael Trentadue.  At the conclusion of the hearing, the Court took the matter under advisement and gave the parties the option of filing case law or briefs within ten (10) days.  Given the dearth of case law on this issue, it is not surprising that no party submitted cases or filed a brief.

Among the assets the Trustee seeks to abandon are several parcels of real estate in which various secured creditors hold liens.  This Court has not been asked and therefore has made no determination with respect to the validity, priority or extent of those liens.  Prior to the Trustee's abandonment notice, secured creditors with interests in every parcel but one (located at 1830 N. Ingram) had moved and been granted relief from stay on and abandonment of those parcels.  The Debtors in the hearing acknowledged that they objected to the method of abandonment only with respect to real estate, so only the parcel located at 1830 N. Ingram is implicated.

Section 554 allows a trustee or a party in interest, after notice and hearing, to abandon property that is burdensome to the estate or is of inconsequential value and benefit to the estate. It also provides that property scheduled but not otherwise administered as of the closing of the case is abandoned *to the debtor*.  Conversely,

Section 725 [1] on its face merely requires a chapter 7 trustee, prior to final distribution, to *dispose* of property not previously disposed of under other bankruptcy code provisions. Unlike Section 554, it does not provide for the method of disposition. It does not provide to whom the property is to be transferred upon disposition. It merely says that disposition must occur before distribution to creditors under Section 726 commences.

Disposition of property within a bankruptcy case can be by sale or abandonment. Implicit in a disposition by sale is that proceeds from the sale will exceed the valid lienholders' interests in them, leaving something for the estate. The estate has a direct stake in how the lienholders' interests are determined, as it affects what the estate receives. The estate does not benefit from property in which there is no equity for the estate and therefore such determinations are unnecessary. Lien validity and priority is sorted out in state court after the property is abandoned.

The Trustee contends that an order which abandons the remaining real estate directly to the lienholders would put additional notification and verification burdens on the trustee that ultimately benefit the debtor but not the estate. Nothing in Bankruptcy Code Sections 554, 704 or 725 *requires* a trustee to take extraordinary measures to confirm lienholders' interests in property to be abandoned. Absent the Trustee's consent in this case, this Court will not order abandonment to the secured creditor under Section 725.

---

[1] Section 725 provides:

After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

# # #

Distribution:

Michael Hile, Attorney for the Debtor
Ellen Fujawa, Chapter 7 trustee
Lara O'Dell, Attorney for the Chapter 7 trustee
Michael Trentadue, Attorney for Newton Savings & Loan
Nancy J. Gargula, United States Trustee